UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRETT BROOKE SONIA,<br><br>Plaintiff,<br><br>v.<br><br>DR. KARIE RAINER, DR. BRUCE GAGE, DR. DAN POTENZA, HELEN HANKS, KEVIN BOVENCAMP and DR. E. ZEIGER,<br><br>Defendants. | NO: 4:19-CV-5059-TOR<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT |

By Order filed July 10, 2019, the Court advised *pro se* Plaintiff, a New Hampshire State prisoner housed at the Washington State Penitentiary, of the deficiencies of her civil rights complaint under 42 U.S.C. § 1983 and directed her to amend. ECF No. 7. On July 16, 2019, Plaintiff submitted a 46-page amended complaint. ECF No. 8. She then presented a 180-page "Memorandum of Law" and "Material Facts in dispute," on July 29, 2019, ECF No. 9, and an additional 35 pages on July 30, 2019, ECF No. 10, which had apparently been omitted from her July 29,

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 1

2019 submission. Having liberally reviewed Ms. Sonia's documents in the light most favorable to her, the Court finds that she has failed to cure the deficiencies set forth in the Order to Amend or Voluntarily Dismiss. ECF No. 7.

Plaintiff continues to challenge the implementation of a settlement agreement she obtained in the U.S. District Court, District of New Hampshire against Defendants Dr. Daniel Petenza, Helen Hanks, and newly named Defendants Paula Mattis and "Does." Plaintiff offers no explanation why this Court would have jurisdiction to enforce the terms of a settlement agreement or an order entered in another court. Her claims against New Hampshire Defendants Petenza, Hanks, Mattis and "Does" are **DISMISSED without prejudice** for lack of jurisdiction.

Although Plaintiff provides a plethora of information, she presents no facts from which the Court could infer that identified Defendants located in the Eastern District of Washington have been deliberately indifferent to her serious medical needs. *Hamby v. Hammond,* 821 F.3d 1085, 1092 (9th Cir. 2016). Her broad and conclusory statements are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

For the reasons set forth above and in the Order to Amend or Voluntarily Dismiss, ECF No. 7, **IT IS ORDERED** that the First Amended Complaint is **DISMISSED without prejudice** to Plaintiff filing her claims in the appropriate forum. Under *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir.

2016), this dismissal will NOT count as a "strike" pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.** The Clerk of Court is **DIRECTED** to enter this Order, enter judgment, provide copies to Plaintiff and **CLOSE** the file. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

**DATED** September 16, 2019.



THOMAS O. RICE
Chief United States District Judge

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 3